ROLEN *v.* CONNATSER *et al.*

(*Knoxville,* September Term, 1950.)

Opinion filed December 10, 1950.

444

R. L. Ogle, of Sevierville, and Edward F. Hurd, of Newport, for complainant.

O. M. Connatser, of Sevierville, and Homer A. Goddard, of Maryville, for defendants.

Mr. Chief Justice Neil delivered the opinion of the Court.

Dona Rolen, by next friend J. B. Williams, filed an original bill in the Chancery Court of Sevier County against O. M. Connatser to compel him as guardian to disclose all of the monies and other property coming into his possession as guardian of the said Dona Rolen, and to account for it. The bill alleges that Dona Rolen is totally insane and has been an inmate of the Eastern State Hospital at Knoxville for more than 35 years; that she is the owner in fee of two valuable farms from which

her guardian has collected rent for a number of years amounting to between six and eight thousand dollars. The bill further alleges that the guardian has failed in the performance of his legal duty in that he has not made any settlement or report of any kind to the county court, notwithstanding the clerk of the county court has repeatedly called upon him to file his report; that the bond of the guardian is inadequate, being only $1,500 and should be raised to $6,000.

It appears from the bill that Dona Rolen was married to one Sam Rolen and two children were born of the union, one of whom died in infancy and the other Effie Rolen, grew to womanhood and married one Bill Williams. To this union was born Willie Mae Williams who is at present past 21 years of age. The mother of Willie Mae died several years ago, so that the said Willie Mae is the only grandchild and next of kin to Dona Rolen, and the grandchild of J. B. Williams.

The defendant, Connatser, guardian, etc. and the National Surety Company, as bondsman, demurred to the bill on the ground (1) that the chancery court does not have jurisdiction over the matters alleged in the bill and (2) "No cause of action is alleged or shown on the face of the bill either in law or fact wherein the defendant should be put to trial."

The defendant without waiving the demurrer filed an answer admitting his appointment as guardian for Dona Rolen, but specifically denied all other allegations of the bill; that the records in the county court show that he has fully discharged his trust. The defendant avers that he has accounted for all property belonging to his ward, the amount received and sums of money expended on her behalf.

On September 1, 1948, one year after the original bill was filed, Willie Mae Williams asked leave, and was permitted, to file an intervening petition in which she claimed to be the sole heir of Dona Rolen and that she "is dependent upon her grandmother's estate for a livelihood"; that she has been non compos for 37 years and is "incurably insane"; that the said O. M. Connatser as guardian has or should have several thousand dollars in money in his hands belonging to her, approximately five or six thousand dollars. It is further alleged in the petition that Dona Rolen's needs are simple and few and that $300 a year would be ample to pay all of her hospital and other expenses. Petitioner alleges that she is badly in need of funds and asks the court to decree her a reasonable amount of the corpus for her support. The petition was later amended and the allegation made that she has been reared by her paternal grandfather, J. B. Williams, and he has had the entire burden of her support; that she needs funds to procure an education and to defray medical expenses and is in need of a portion of the money which she will inherit from Dona Rolen; that said estate is worth twenty-five or thirty thousand dollars.

The defendant Connatser, guardian etc., demurred to the intervening petition upon the grounds (1) there is no merit or equity shown on the face of the petition, (2) there is a non-joinder of parties as shown on the face of the petition and the original bill etc., the said J. B. Williams suing as next friend of Dona Rolen for an accounting with the guardian and Willie Mae Williams assuming to sue as next friend and seeking a personal judgment against the latter's estate, (3) that "there are two or more causes of action separate and distinct and require separate adjudication", (4) the causes of action

are antagonistic. The foregoing demurrer was overruled by the Chancellor who granted a discretionary appeal to this Court.

Before considering the assignments of error it should be stated that the issues raised in the original bill, i. e. the right of Dona Rolen by next friend etc. to have an accounting with her guardian, remain undecided in the chancery court. The sole question raised on this appeal is that the Chancellor erred in overruling defendant's demurrer to the intervening petition because "there was no equity on the face of the bill" and

"The petitioner has no right or authority under the law to secure support from the estate of her grandmother. The grandmother whether sane or insane is not obligated legally or morally to support petitioner.

"The petitioner does not have any right and is not authorized to intervene in this cause and maintain her suit for support from her grandmother's estate for the reason petitioner's suit seeking such relief is an independent claim, separate and distinct from the original bill and the purposes thereof, and petitioner's suit is not germane to any of the issues of the original bill."

There is no merit in appellant's argument as to multifariousness in pleading, non-joinder of parties, and that the causes of action are antagonistic etc. In the original bill the complainant seeks an accounting as to funds in the hands of the guardian, and a disclosure as to the amounts received from time to time, and from what source, and also his disposition of it, whereas the intervening petitioner seeks a decree for a reasonable allowance for her support out of any funds in the guardian's hands, and which is not necessary for the support and maintenance of his ward. The right of Willie Mae

Williams to a support out of her insane grandmother's estate is not only not antagonistic to the issues in the original bill but is germane thereto.

Counsel for the guardian insists "that the petitioner has no right under the law to secure support from the estate of her grandmother whether sane or insane because she is not obligated legally or morally to do so."

■ ■ The petitioner's claim, however, is not based upon any such theory. While the petitioner's claim to be a dependent of her insane grandmother may not be true as a matter of law, nevertheless her right to maintain this action is clearly authorized by statute, she being a descendant and sole heir. Dependency is important in determining one's right to share in an incompetent's estate, but it is not the sole determining factor. The statutes which make provision for an award to children of some portion of the property of an insane parent presuppose "confirmed mental unsoundness." By Code Section 9639 a guardian is authorized to make provision for "any child of the lunatic" out of funds under his control. The guardian and the sureties on his bond are liable "for any intentional fraudulent abuses by them committed". Pursuant to Code Section 9640 any child coming of age "may file a bill in the chancery court of the county in which either the guardian or the lunatic resides, making all necessary parties, and proceed as in other chancery cases".

■ A grandchild comes within the provisions of Code Section 9641, which reads as follows: "*Court may decree division of estate.*—The court may, in such cases, decree the partition and division of a reasonable portion of the real and personal estate of the person laboring under confirmed mental unsoundness *among his children*

*or descendants, as in case of death and intestacy, charging such portion as an advancement.''* (Emphasis supplied.)

It thus appears from the italicized words that the court may allot to a *descendant* of the incompetent any part or all of his or her share of the estate, charging it ''as an advancement''. Inasmuch as Willie Mae Williams, the petitioner, is not only a descendant but the sole heir of the incompetent, her petition for an allowance is clearly maintainable.

In decreeing the partition, however, the Chancellor must be fully satisfied (1) that there is no will to be valid after the death of the incompetent, (2) that it is manifestly to the interest of the person of unsound mind and his family that the partition be made, and (3) ''that ample means are retained, undivided, for the support, maintenance, care, and comfort of such person''. See Code Section 9643.

It is next insisted by the appellant that the intervening petition was demurrable on the ground that Willie Mae Williams could not comply with Code Section 9644 by executing the required refunding bond. The Code Section relied on provides: *''Refunding bond to be taken.*—Upon rendering a decree for partition and distribution, the court shall take bond and security from the person to whom such partition or distribution is made, in a sufficient penalty, payable to the State of Tennessee, conditioned, if it should become necessary, to refund the property, or any part thereof, so assigned to him, as and when ordered by the court, and to perform whatever orders or decrees the court may make touching the property so partitioned or distributed to him.''

In response to the insistence that the intervening petitioner could not make the required bond because the

said petition was filed "on the pauper's oath", it must be said that this is an unwarranted assumption of the pleader. Moreover since Willie Mae is the sole heir of her insane grandmother, and will come into possession of the latter's entire estate at no distant date, it may not be difficult for her to make a bond that will meet the Chancellor's approval.

The Cases of *Lewis* v. *Moody,* 149 Tenn. 687, 261 S. W. 673; and *Monds* v. *Dugger,* 176 Tenn. 550, 144 S. W. (2d) 761, have no application here since there the claimants were collateral kin of the incompetent and not descendants as in the instant case.

In conclusion we hold that the intervening petition is not subject to demurrer; that this is a proper case for the court to order a reasonable allowance for the support of the petitioner, provided there will still remain sufficient property to care for the needs of Dona Rolen.

The decree of the Chancellor is affirmed, and the cause is remanded for such further proceedings and orders as may be consistent with this opinion. The costs of the appeal will be paid by the appellant.

All concur.